J-S51037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
                Appellee :
:
               v. :
:
ANTOINE MAURICE BLACK, :
:
                Appellant : No. 367 MDA 2014

Appeal from the Order entered on January 22, 2014
in the Court of Common Pleas of Dauphin County,
Criminal Division, No. CP-22-CR-0003493-2010

BEFORE:  BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:        **FILED NOVEMBER 18, 2014**

Antoine Maurice Black ("Black"), *pro se*, appeals from the Order

denying his first Petition for relief filed pursuant to the Post Conviction Relief

Act ("PCRA").[1]  We affirm.

The PCRA court summarized the history relevant to the instant appeal

as follows:

> On June 15, 2010, [Black] was stopped for a traffic
> violation.  His information and that of his passenger were run
> and [Black] was taken into custody on an unrelated matter,
> along with his passenger.  As per standard procedure and at the
> direction of [Harrisburg Police] Officer [Michael] McCormick
> ["Officer McCormick"], the police informed [Black] that his
> vehicle was going to be towed[,] since it was parked too close to
> the stop sign.
>
> The officers requested his keys, to which [Black] refused.
> The officers explained that it was standard police procedure to
> conduct an inventory search of towed vehicles as the vehicle's

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

are taken to Don's Towing Lot and anything of value over five dollars is inventoried. Prior to towing and searching the vehicle and while on the scene, Officer McCormick called his supervisor for approval to conduct said inventory search. [His supervisor] looked through the computer system to try and find a phone number for Ms. Patricia Louise Darty (hereinafter "Ms. Darty"), the owner of the car per its registration, but was unable to locate one. Ms. Darty testified that she is [Black's] cousin. The vehicle [that Black] was driving on June 15, 2010, is in Ms. Darty's name, *i.e.*, the title, tags, and insurance. However, Ms. Darty testified that it is not her vehicle and that [Black] drives it. Ms. Darty put the vehicle in her name because [Black] told her [that] he could not have it in his name. Ms. Darty has driven the vehicle approximately three (3) times before. Ms. Darty does not know the current location of the vehicle.

[Police] Officer [Matthew] Haflett ["Officer Haflett"] conducted a search of the trunk of the vehicle…. When he arrived at the right side of the trunk, he noticed a CD changer that was bolted to the side of the vehicle. There was about a three (3) inch space between the side of the trunk and the CD changer wherein Officer Haflett observed a baby sock with pink glassine plastic baggies protruding from the top…. Specifically, there were twenty-eight (28) pink baggies and one (1) blue/purple baggie with a dolphin emblem. Based upon his training and experience, Officer Haflett suspected the baggies contained crack cocaine. As a result, he field tested the contents of the baggies[,] which resulted positive for crack cocaine. Thereafter, the drugs were sent to the Pennsylvania State Police Lab for testing. The lab report indicated that the drugs were tested and confirmed to be over five (5) grams of crack cocaine….

Trial Court Opinion, 3/13/14, at 3-4. Black was transported to the police station. *Id.* at 5. During a strip search of Black conducted upon his arrival at the station, officers discovered a blue/purple baggie with a dolphin emblem. *Id.* The baggie matched the baggies found in the baby sock found in the vehicle. *Id.* That baggie contained 0.18 grams of crack cocaine. *Id.*

- 2 -

Black was charged with possession with intent to deliver a controlled substance, possession of drug paraphernalia, driving without a license, driving while operating privileges are suspended or revoked, and the summary offense of turning movements and required signals.[2] Represented by the public defender's office, Black filed a pre-trial suppression Motion, which the suppression court denied.

A jury convicted Black of the above-described charges. On January 17, 2013, the trial court sentenced Black to an aggregate prison term of three to six years, followed by one year of probation. The trial court credited Black with the time he served in jail from December 4, 2012 to January 16, 2013. After sentencing, Black requested leave to represent himself during his direct appeal. After a hearing, Black was permitted to proceed *pro se*. On direct appeal, this Court affirmed Black's judgment of sentence, after which the Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Black*, 91 A.3d 1286 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 2013 Pa. LEXIS 2027.

On November 23, 2013, Black, *pro se*, timely filed his first PCRA Petition. The PCRA court appointed Jennifer Tobias, Esquire ("Attorney Tobias"), to represent Black. On January 15, 2014, Attorney Tobias filed a Petition to withdraw from representation pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550

---

[2] 35 P.S. §§ 780-113(a)(30), (32); 75 Pa.C.S.A. §§ 1501, 1543, 3334.

A.2d 213 (Pa. Super. 1988) (*en banc*). Thereafter, the PCRA court issued Notice of its intention to dismiss Black's PCRA Petition and a Memorandum Opinion. On January 22, 2014, the PCRA court denied Black's Petition. Black timely filed a Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Black presents the following claims for our review:

(A). Whether PCRA counsel, [Attorney Tobias], gave ineffective assistance[] for failing to raise ineffective assistance of trial counsel, … for failing to raise ineffective assistan[ce] of suppression hearing counsel, … for failing to object to Officer McCormick's testimony at the suppression hearing, and at trial concerning [Black's] vehicle being a safety hazard[?]

(B). Whether PCRA counsel, [Attorney Tobias], gave ineffective assistance[] for failing to raise ineffective assistance of trial counsel, … for failing to raise ineffective assistan[ce] of suppression hearing counsel, … for failing to raise a "weight claim" defense during pre-trial, trial and post-sentence, when [Black] asked them to raise this claim[?]

(C). Whether PCRA counsel, [Attorney Tobias], gave ineffective assistance[] for failing to raise ineffective assistance of trial counsel, … for failing to raise ineffective assistan[ce] of suppression hearing counsel, … for failing to investigate [Black's] actual innocence[?]

(D). Whether PCRA counsel, [Attorney Tobias], gave ineffective assistance[] for failing to raise ineffective assistance of trial counsel, … for failing to raise ineffective assistan[ce] of suppression hearing counsel, … for citing the wrong case law[] and statute at [Black's] suppression hearing, prejudicing [Black] in the process[?]

(E). Whether PCRA counsel, [Attorney Tobias], gave ineffective assistance[] for failing to raise ineffective assistance of suppression hearing counsel, … for failing to argue [that] "trial court erred and abused its discretion[] by denying [Black's] Motion to Suppress Evidence found in [Black's] vehicle"; "[t]he

police had no probable cause to tow[] and inventory search [Black's] vehicle without a search warrant"[;] [and that] "[t]his constituted [] a 'warrantless search[]'"[?]

(F). Whether PCRA counsel, [Attorney Tobias], gave ineffective assistance[] for failing to raise ineffective assistance of trial counsel, … for failing to raise ineffective assistan[ce] of suppression hearing counsel, … for failing to argue[] "the plain view doctrine," as a defense for [Black?]

(G). Whether PCRA counsel, [Attorney Tobias], trial counsel, … and suppression hearing counsel, … completely **abandon[ed]** [Black] by not filing any motions [or] appeals, when [Black] asked them to do so, violating [Black's] sixth [] Amendment right to effective assistance of counsel at [*sic*] **at stages of the appeal process**[?]

Brief for Appellant at 5-7 (emphasis in original).

An appellate court's standard of review regarding an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Kretchmar***, 971 A.2d 1249, 1251 (Pa. Super. 2009). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Treadwell***, 911 A.2d 987, 989 (Pa. Super. 2006).

Black's seven issues assert various claims of ineffective assistance of counsel. To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been

- 5 -

different absent such error. ***Commonwealth v. Steele***, 961 A.2d 786, 796 (Pa. 2008). With regard to the second, *i.e.*, the "reasonable basis" prong, this Court will conclude that counsel's chosen strategy lacked a reasonable basis only if the appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." ***Commonwealth v. Williams***, 899 A.2d 1060, 1064 (Pa. 2006) (citation omitted). To establish the third prong, *i.e.*, prejudice, the appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. ***Commonwealth v. Dennis***, 950 A.2d 945, 954 (Pa. 2008).

Black first claims that PCRA counsel rendered ineffective assistance by failing to claim that his suppression hearing counsel rendered ineffective assistance. Brief for Appellant at 10. Black asserts that his suppression hearing counsel rendered ineffective assistance by failing to object to the testimony of Officer McCormick that Black's vehicle presented a safety hazard, which justified towing the vehicle. ***Id.*** at 12. According to Black, Officer McCormick's suppression hearing testimony directly contradicted his testimony at the preliminary hearing. ***Id.*** At the preliminary hearing, Black asserts, Officer McCormick testified that Black's car was not a safety hazard. ***Id.*** Black contends that his suppression hearing counsel rendered ineffective assistance by failing to object to Officer McCormick's testimony on this basis. ***Id.*** at 13.

Our review of the record discloses that Black did not raise this claim in his *pro se* PCRA Petition. To overcome this waiver, Black avers that his PCRA counsel rendered ineffective assistance by not raising this claim. The record, however, discloses no arguable merit to Black's ineffectiveness claims.

Black's underlying ineffectiveness claim is premised upon his assertion that Officer McCormick's suppression hearing testimony contradicted the testimony he presented at the preliminary hearing. However, the notes of testimony from the preliminary hearing are not included in the certified record. In his appellate brief, Black has attached an affidavit, dated March 21, 2014, averring that Officer McCormick testified at the preliminary hearing that Black's vehicle presented no safety hazard. This affidavit was not presented to the PCRA court and is not part of the certified record.

"[D]ocuments which are not part of the certified record on appeal are considered to be non-existent." **Lundy v. Manchel,** 865 A.2d 850, 855 (Pa. Super. 2004). "[T]hese deficiencies may not be remedied by inclusion in a brief." **Id.** Those items that do not appear of record do not exist for appellate purposes. **Stumpf v. Nye**, 950 A.2d 1032, 1041 (Pa. Super. 2008). Because Black did not raise this claim in his *pro se* PCRA Petition and the record includes no evidence supporting for his claim, Black has failed to establish arguable merit to his claim of ineffective assistance of suppression

hearing counsel or PCRA counsel. Therefore, we cannot grant him relief on this claim.[3]

Black next claims that his trial counsel rendered ineffective assistance by failing to file a post-sentence motion challenging the verdict as against the weight of the evidence. Brief for Appellant at 15. In its Opinion, the PCRA court addressed this claim and concluded that it lacks merit. PCRA Court Opinion, 3/13/14, at 8-9. We agree with the reasoning of the PCRA court, and affirm on this basis. *See id.*

In his third claim, Black argues that his PCRA counsel rendered ineffective assistance by failing to claim the ineffective assistance of prior counsel for not investigating his "actual innocence." Brief for Appellant at 23. In support, Black asserts that his claim has arguable merit because the evidence was not sufficient to sustain his verdict. *Id.* at 24. In this regard, Black asserts that "the lab results proved [that his] fingerprints or DNA wasn't on the sandwich baggie," and that police did not charge him related to contraband found during his strip search. *Id.*

Our review of the record discloses that in his Pa.R.A.P. 1925(b) Concise Statement, Black's ineffectiveness claim did not address the sufficiency of the evidence. Rather, Black presented the following claim:

---

[3] In his Affidavit of Probable Cause, which is part of the record, Officer McCormick averred that Black's vehicle "was parked illegally at the intersection. It was parked directly next to a stop sign and more than 12" from the curb." Affidavit of Probable Cause, 6/15/10. Officer McCormick's suppression hearing testimony was consistent with this statement. *See* N.T., 6/7/11, at 5.

> PCRA Counsel … gave ineffective assistance for failing to raise the ineffective assistance of trial counsel, … for failing to raise the ineffective assistance of Suppression Hearing counsel, … for failing to investigate [Black's] actual innocence….

Concise Statement, ¶ 3. Because Black's Concise Statement raised a boilerplate and vague claim, the PCRA court concluded that the claim was waived and denied relief. PCRA Court Opinion, 3/13/14, at 9. We agree, and affirm on this basis. ***See id.***

Black next claims that his suppression counsel rendered ineffective assistance by citing "the wrong caselaw and statute" at his suppression hearing. Brief for Appellant at 28. Black argues that his suppression counsel referred to Pennsylvania Constitution Article I, section 9, rather than section 8, as the provision applicable to illegal searches and seizure. ***Id.*** at 29. Black claims that his PCRA counsel rendered ineffective assistance by not raising this claim. ***Id.*** at 28.

In its Opinion, the PCRA court addressed this claim and concluded that it lacks merit. PCRA Court Opinion, 3/13/14, at 9-11. We agree with the PCRA court's determination that suppression counsel did not render ineffective assistance by stating the wrong section number. ***Id.*** at 10. Accordingly, we affirm on the basis of the PCRA court's Opinion with regard to this claim.[4] ***See id.*** at 9-11.

---

[4] We do not adopt the PCRA court's speculation as to suppression hearing counsel's motivation for failing to correct his error.

In his fifth claim, Black asserts that his trial counsel rendered ineffective assistance by failing to challenge the suppression court's denial of Black's suppression Motion. Brief for Appellant at 30. Black asserts that the Commonwealth failed to prove that he constructively possessed the controlled substances found in the vehicle; the police officers failed to follow a uniform policy on inventory searches; and there were no exigent circumstances permitting a search of the vehicle without a warrant. *Id.* at 33-42.

In order to be eligible for PCRA relief, Black was required to plead and prove that "the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." *Id.* § 9544(b).

Our review of the record discloses that Black did not raise this claim in his *pro se* direct appeal. Because this claim could have been raised on direct appeal and Black failed to do so, Black's claim is not cognizable under the PCRA. Black's PCRA counsel cannot be deemed ineffective for failing to raise a claim that is without merit. *See Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014) (stating that counsel cannot be deemed ineffective for failing to raise a claim that lacks merit). Accordingly, we cannot grant Black relief on this claim.

In his sixth claim, Black argues that his suppression counsel rendered ineffective assistance by failing to argue the "plain view" doctrine as a defense. Brief for Appellant at 44. Black asserts that his PCRA counsel rendered ineffective assistance by not raising this claim before the PCRA court. *Id.*

Our review discloses that during his *pro se* direct appeal, Black did not challenge the legality of the vehicle search and the applicability of the plain view doctrine. Because Black could have raised this issue on direct appeal, and failed to do so, he was not eligible for relief under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(3). Black's PCRA counsel cannot be deemed ineffective for failing to raise a claim that is without merit. *See Fears*, 86 A.3d at 804. Accordingly, we cannot grant Black relief on this claim.

In his seventh claim, Black argues that all prior counsel rendered ineffective assistance "by not filing any motions [or] appeals, when [Black] asked them to do so, violating [Black's] Sixth (6th) Amendment right to effective assistance of counsel, at all stages of the proceedings." Brief for Appellant at 57 (emphasis omitted). In support, Black argues that his PCRA counsel refused to file an amended PCRA petition. *Id.* at 58. Black also claims that his trial counsel rendered ineffective assistance. *Id.*

In its Opinion, the PCRA court addressed this claim and concluded that it lacks merit. PCRA Court Opinion, 3/13/14, at 12. We agree, and affirm based upon the reasons stated in the PCRA court's Opinion. *See id.*

- 11 -

Order affirmed.

Ott, J., joins the memorandum.

Bowes, J., files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2014

THE COMMONWEALTH OF PENNSYLVANIA

v.

ANTOINE M. BLACK

: IN THE COURT OF COMMON PLEAS,
: DAUPHIN COUNTY, PENNSYLVANIA
:
:
: NO. 3493 CR 2010
:
:
: PCRA
:

## TRIAL COURT MEMORANDUM OPINION PURSUANT TO PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925(a)

Presently before the Superior Court of Pennsylvania is the appeal of Antoine Black (hereinafter Appellant).

### Procedural History

Procedurally, following a jury trial that took place on December 3 through December 4, 2012, Appellant, Antoine M. Black, was convicted of possession with intent to deliver a controlled substance,[1] unlawful possession of drug paraphernalia,[2] driving while operating privilege suspended or revoked,[3] and turning movements and required signals.[4]

On January 17, 2013, this Court sentenced Appellant on Count One to three to six (3-6) years in SCI, costs and fines of $50, on Count Two one (1) year state probation, Count Three was merged with Count One and Counts Four and Five were dismissed by the Court. Appellant received time credit from December 4, 2012 to January 16, 2013.

On January 25, 2013 a *pro se* motion to Modify Sentence was filed. On February 5, 2013, the case was transferred from Attorney Gavazzi to Attorney Ryan Lysaght, also of the Dauphin County Public Defender's Office. Attorney Lysaght filed an amended petition to Modify

---

[1] 35 P.S. 780-113(a)(32)
[2] 35 P.S. 780-113(a)(30)
[3] 75 P.S. §1543(a) (Summary)
[4] 75 Pa. C.S. §3334(a) (Summary)

1

5-41

Sentence which was denied on February 13, 2013. On February 19, 2013, Attorney Lysaght and the Dauphin County Public Defender's Office were granted permission to withdraw from representation and a hearing on the Appellant's request to proceed *pro se* was scheduled for March 12, 2013. Also on February 19, 2013 a Notice of Appeal was filed appealing the order of February 13, 2013 to Modify Sentence. On February 22, 2012 the defendant filed a letter with the Court requesting to proceed *pro se*. On February 27, 2013, Attorney Lysaght withdrew the appeal he had filed on behalf of the Appellant.

On March 12, 2013, Appellant filed a *pro se* Notice of Appeal, appealing the Order of Sentence from January 17, 2013. Appellant was granted leave to proceed *pro se* on appeal on March 21, 2013. Appellant filed a Motion for Bail on April 25, 2013, which was denied by this Court on May 6, 2013. On April 12, 2013, Appellant filed "Appellate Arguments an Concise Statement of Errors Complained of and Intended to be Argued on Appeal" pursuant to this Court's Order of March 21, 2013. This Court filed its Pa.R.A.P. 1925(a) Opinion on May 13, 2013. The Supreme Court denied Appellant's application for bail on September 11, 2013. Appellant filed his Brief on July 26, 2013, in which he argued only that the verdict was against the weight of the evidence. On November 15, 2013, the Superior Court affirmed the judgment of sentence.

On November 25, 2013, the Appellant filed a timely *pro se* Petition pursuant to the Post Conviction Relief Act (hereinafter "PCRA"). On December 2, 2013, this Court appointed Jennifer Tobias, Esquire, to represent Appellant throughout these PCRA proceedings and to file a supplemental petition. On January 15, 2014, Attorney Tobias filed a "no-merit" letter and requested to withdraw from the case pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988). Thereafter on January 22,

2

2014, this Court issued a Memorandum Opinion and Notice of Intent to Dismiss. On February 18, 2014, this Court received a timely Notice of Appeal filed with the Superior Court of Pennsylvania. This Court ordered Appellant on February 24, 2014, to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied with said Order on March 5, 2014.

## Factual Background

The factual background of this case can be found in our prior opinions. This Court incorporates by reference our May 13, 2013 Memorandum Opinion and our January 22, 2014 Memorandum Opinion. However, a brief explanation of the relevant facts follows:

On June 15, 2010, Appellant was stopped for a traffic violation. (Notes of Testimony from Jury Trial on 12/3/2012, hereinafter "N.T." 36-37). His information and that of his passenger were run and Appellant was taken into custody on an unrelated matter, along with his passenger. (N.T. 38). As per standard procedure and at the direction of Officer McCormick, the police informed Appellant that his vehicle was going to be towed since it was parked too close to the stop sign. (N.T. 25, 32-33).

The officers requested his keys, to which Appellant refused. (N.T. 25-26). The officers explained that it is standard police procedure to conduct an inventory search of towed vehicles as the vehicles are taken to Don's Towing Lot and anything of value over five dollars is inventoried. (N.T. 26, 45-46). Prior to towing and searching the vehicle and while on the scene, Officer McCormick called his supervisor for approval to conduct said inventory search. (N.T. 46). Sergeant Bell looked through the computer system to try to find a phone number for Ms. Patricia Louise Darty (hereinafter "Ms. Darty"), the owner of the car per its registration, but was unable to locate one. (N.T. 44). Ms. Darty testified that she is Appellant's cousin. (N.T. 49).

3

The vehicle Appellant was driving on June 15, 2010, is in Ms. Darty's name; i.e. the title, tags, and insurance. (N.T. 49, 51-52). However, Ms. Darty testified that it is not her vehicle and that Appellant drives it. (N.T. 50-51). Ms. Darty put the vehicle in her name because Appellant told her he could not have it in his name. (N.T. 50). Ms. Darty has driven the vehicle approximately three (3) times before. (N.T. 50-51). Ms. Darty does not know the current location of the vehicle. (N.T. 51).

Officer Haflett conducted a search of the trunk of the vehicle. (N.T. 28). He explained that when he conducts such a search, he does it methodically from left to right. (N.T. 26). When he arrived at the right side of the trunk, he noticed a CD changer that was bolted to the side of the vehicle. (N.T. 26). There was about a three (3) inch space between the side of the trunk and the CD changer wherein Officer Haflett observed a baby sock with pink glassine plastic baggies protruding from the top. (N.T. 26-27, 34). Officer Haflett retrieved the sock and determined that there were twenty-nine (29) baggies in the sock. (N.T. 27). Specifically, there were twenty-eight (28) pink baggies and one (1) blue/purple baggie with a dolphin emblem. (N.T. 27-28). Based upon his training and experience, Officer Haflett suspected the baggies contained crack cocaine. (N.T. 28). As a result, he field tested the contents of the baggies which resulted positive for crack cocaine. (N.T. 28). Thereafter, the drugs were sent to the Pennsylvania State Police Lab for testing. (N.T. 40). The lab report indicated that the drugs were tested and confirmed to be over five (5) grams of crack cocaine. (N.T. 40, 47). There were other miscellaneous items in the trunk of the vehicle as well, but nothing of great value. (N.T. 33).

After taking Appellant into custody, he was transported to the police station. (N.T. 29). Upon arrival, Officer Haflett requested to strip search Appellant due to the amount of baggies found. (N.T. 29, 41). The supervisor approved the request. (N.T. 29). In Officer McCormick's

4

experience, he finds that individuals who are in the business of selling drugs conceal either contraband, money, or weapons on their body in locations that are not typically searched by police officers. (N.T. 41). Officer Haflett and Officer McCormick conducted said search. (N.T. 29).

During the strip search, they took Appellant into a room and had him remove one article of clothing at a time. (N.T. 41). The officers check each article of clothing as he removes it. (N.T. 41). As Appellant took his sock off, Officer Haflett saw Appellant conceal something in his three (3) fingers and then with his pointer finger and thumb he handed Officer Haflett the sock. (N.T. 30, 41). Officer Haflett asked Appellant what he had in his hand, to which Appellant did not respond. (N.T. 30, 41). Officer Haflett requested Appellant give him what was in his hand and Appellant handed over a baggie which was exactly the same as the blue/purple baggie found in the baby sock with dolphin emblem on it. (N.T. 30-31, 41). The baggie found on Appellant's person contained 0.18 grams of crack cocaine. (N.T. 47-48).

At the Suppression Hearing on June 7, 2011, Office McCormick testified that the vehicle was parked directly next to a stop sign and one foot from the curb and that it posed a safety hazard for other vehicles. (Notes of Testimony, Suppression Hearing 6/7/11, hereinafter N.T, 6/7/11; 6). Attorney Morris questioned Officer McCormick on his determination to call for a tow. (N.T. 6/7/11 13). He asked Officer McCormick whether the registered owner of the vehicle was contacted and Officer McCormick indicated that he was unable to contact her prior to towing the vehicle but he did go to her house the next day. (N.T. 6/7/11 12-13). Officer McCormick also indicated that the department does have a towing policy though he did not have a copy of it. (N.T. 6/7/11 13). Attorney Morris then questioned Officer McCormick on the police policy regarding inventory searches. Officer McCormick indicated the department has written

policy regarding inventory searches. (N.T. 6/7/11 13). He testified that once it has been determined a car will be towed, that car will be inventoried for items of value to protect the owner. (N.T. 6/7/11 14-15). He also testified that he thought the policy allowed them to search compartments and trunks etc. (N.T. 6/7/11 15).

## Appellant's Concise Statement of Matters Complained of on Appeal

1. PCRA Counsel, (Ms. Jennifer Tobias), gave ineffective assistance, for failing to raise ineffective assistance of trial counsel, (Mr. Joe Gavazzi), for failing to raise ineffective assistance of Supression Hearing counsel, (Mr. Royce Morris), for failing to object to Officer McCormick's testimony at The Suppression Hearing, and at trial concerning Appellant's vehicle being a safety hazard. (Layered Ineffective Assistance of Counsel). (App.'s Statement of Matters Complained Of ¶ 1).

2. PCRA Counsel, (Ms. Jennifer Tobias), gave ineffective assistance, for failing to raise ineffective assistance of trial counsel, (Mr. Joe Gavazzi), for failing to raise ineffective assistance of Suppression Hearing counsel, (Mr. Royce Morris), for failing to raise a "Weight Claim" during Pre-Trial, Trial, and Post-Sentence, when Appellant asked them to raise this claim. (Layered Ineffective Assistance of Counsel). (App.'s Statement of Matters Complained Of ¶ 2).

3. PCRA Counsel, (Ms. Jennifer Tobias), gave ineffective assistance, for failing to raise ineffective assistance of trial counsel, (Mr. Joe Gavazzi), for failing to raise ineffective assistance of Suppression Hearing counsel, (Mr. Royce Morris), for failing to investigate Appellant's actual innocence. (Layered Ineffective Assistance of Counsel). (App.'s Statement of Matters Complained Of ¶ 3).

4. PCRA Counsel, (Ms. Jennifer Tobias), gave ineffective assistance, for failing to raise ineffective assistance of trial counsel, (Mr. Joe Gavazzi), for failing to raise ineffective assistance of Suppression hearing counsel, (Mr. Royce Morris), for citing the wrong caselaw, and statute at Appellant's Suppression Hearing, prejudicing Appellant in the process. (Layered Ineffective Assistance of Counsel). (App.'s Statement of Matters Complained Of ¶ 4).

5. PCRA Counsel, (Ms. Jennifer Tobias), gave ineffective assistance, for failing to raise ineffective assistance of Suppression Hearing Counsel, (Mr. Royce Morris), for failing to argue, "Trial Court erred and abused its discretion, by denying Appellant's Motion to Suppress Evidence found in Appellant's vehicle. The police had no probably cause to tow, and inventory search Appellant's vehicle without a search warrant. This constituted as a "Warrantless Search." (Layered ineffective Assistance of Counsel). (App.'s Statement of Matters Complained Of ¶ 5).

6

6. PCRA Counsel, (Ms. Jennifer Tobias), gave ineffective assistance, for failing to raise ineffective assistance of trial counsel, (Mr. Joe Gavazzi), for failing to raise ineffective assistance of Suppression Hearing counsel, (Mr. Royce Morris), for failing to argue "The Plainview Doctrine" as a defense for Appellant. (Layered Ineffective Assistance of Counsel). (App.'s Statement of Matters Complained Of ¶ 6).

7. PCRA Counsel, (Ms. Jennifer Tobias), Trial Counsel, (Mr. Joe Gavazzi), and Suppression hearing Counsel, (Mr. Royce Morris), completely **abandon** Petitioner, by not filing any motions, appeals, when Appellant asked them to do so, violating Appellant's Sixth (6th) Amendment Right to effective assistance of counsel at **all stages of the appeal process.** (Layered Ineffective Assistance of Counsel). (App.'s Statement of Matters Complained Of ¶ 7).

## Legal Discussion

[W]hen a court is faced with a "layered" claim of ineffective assistance of counsel, the only viable ineffectiveness claim is that related to the most recent counsel, appellate counsel. In order to preserve a claim of ineffectiveness, a petitioner must "**plead,** in his PCRA petition," that appellate counsel was ineffective for failing to raise all prior counsel's ineffectiveness. Additionally, a petitioner must "**present** argument on, i.e. develop each prong of the *Pierce* test" as to appellate counsel's deficient representation. "Then, and only then, has the petitioner preserved a layered claim of ineffectiveness for the court to review; then, and only then, can the court proceed to determine whether the petitioner has proved his layered claim."

The opinion in *McGill* then elaborated on how a petitioner must present his claim of layered ineffectiveness. We explained that consistent with *Commonwealth v. Pierce,* 567 Pa. 186, 786 A.2d 203 (2001) a petitioner must prove the three prongs of appellate counsel's ineffectiveness. The first prong of the ineffectiveness analysis as to appellate counsel's conduct-arguable merit-is best understood as a "nested" argument. In essence, to demonstrate that a layered claim of appellate counsel's ineffectiveness has arguable merit, the petitioner is required to set forth all three prongs of the *Pierce* test as to trial counsel's action or inaction. If the petitioner does not satisfy any of the three prongs as to trial counsel's ineffectiveness, he will have failed to establish an ineffectiveness claim, since a claim of appellate counsel ineffectiveness is merely a derivative claim related to trial counsel's ineffectiveness. If, however, the arguable merit prong of appellate counsel's ineffectiveness is established, i.e., the petitioner has established trial counsel's ineffectiveness, the inquiry proceeds to the remaining two prongs of the *Pierce* test as it relates to appellate counsel's ineffectiveness.

Commonwealth v. Rush, 576 Pa. 3, 11-12, 838 A.2d 651, 656 (2003)(citations omitted, emphasis in the original)

7

Appellant's Concise Statement of Matters identifies all the errors as layered ineffective assistance of counsel claims therefore we must first address whether the underlying claim in each matter has arguable merit, that counsel's performance lacked a reasonable basis and that the effectiveness of counsel caused prejudice. Commonwealth v. Pierce, 567 Pa. 186, 786 A.2d 203 (2001).

Appellant first alleges ineffective assistance of counsel for failure to object to Officer McCormick's testimony at the suppression hearing and at trial about Appellant's vehicle being a safety hazard. "[C]ounsel's performance is evaluated in light of its reasonableness if it is determined that the underlying claim is of arguable merit. We also presume that counsel is acting effectively." Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973, 975 (1987) (citations omitted). In the present case, Appellant's claim that failure to object to the testimony was ineffective assistance of counsel does not have arguable merit. Presuming Attorney Morris was effective, he did question the officer about determining whether the vehicle was a safety hazard at the suppression hearing and presumably did not believe that arguing that the car was not a safety hazard was in his client's best interest. Attorney Morris chose to focus on whether the inventory search was done properly and various other issues in the suppression hearing. "If the petitioner does not satisfy any of the three prongs as to trial counsel's ineffectiveness, he will have failed to establish an ineffectiveness claim, since a claim of appellate counsel ineffectiveness is merely a derivative claim related to trial counsel's ineffectiveness." Rush, 576 Pa. 3, 11-12, 838 A.2d 651, 656 (2003). Since the underlying claim is not of arguable merit, the ineffective assistance of counsel claim against all three attorneys must fail.

Next, Appellant argues that Attorney Morris should have raised a "weight claim" at pre-trial and Attorney Gavazzi should have raised it at trial and post sentence when Appellant asked

8

them to raise this claim. Again, we must determine whether the underlying claim has arguable merit – that is, whether Attorney Morris should have raised a weight claim prior to trial. We presume that Appellant is referring a claim that the verdict was against the weight of the evidence as he attempted to make such an argument in his *pro se* PCRA. Attorney Morris could not have made such a claim prior to trial as there was no verdict. Therefore this claim has no arguable merit and the ineffective assistance of counsel claim fails to meet the first prong of the Pierce test and thus fails against Attorney Morris.

Appellant filed his own appeal following trial and in that he failed to raise a claim that the verdict was against the weight of the evidence. Per Pa.R.Crim.Pro. 1925(b)(4)(vii), issues not raised in the Statement are waived. As such, this claim also lacks arguable merit and Appellant waived it as of the filing of his Statement of Errors on April 12, 2013, thus Attorney Gavazzi was not ineffective on this matter.

Third, Appellant argues that Attorney Morris provided ineffective assistance of counsel for failure to investigate his actual innocence. "The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925. Appellant provides no reference to facts on or off the record to indicate that Attorney Morris did not investigate his actual innocence. Such bald assertions without any evidence leave us unable to address this and as such, this issue is waived for ailing to be raised in accordance with the provisions of Pa.R.Crim.Pro. 1925(b)(4)(vii).

Next, Appellant argues that Attorney Morris was ineffective for citing to the wrong case law and statute at the suppression hearing, thus prejudicing Appellant. At the suppression hearing, Attorney Morris referenced Commonwealth v. West, 937 A.2d 516, 2007 Pa Super. 349 (2007), as standing for the proposition that:

9

If you are conducting an inventory search, it must be, number one, the police have legally impounded the vehicle; and, two, they conduct the search in accordance with a reasonable, standard policy of routinely securing and inventorying the contents of the impounded vehicle. The purpose of this type of search is not to look for evidence of crime. It's to protect the property owner. And one of the things that you're supposed to look for is whether or not the police department has an articulable policy that all the officers are uniformly following. The policy governing the scope of the search must not permit the officers to go beyond the contents of securing and protecting the property owner's interests.

(N.T. 6/7/13, 29).

Indeed, that case says:

A warrantless inventory search is permitted where: (1) police have legally impounded the vehicle; and (2) they conduct the search in accordance with a reasonable, standard policy of routinely securing and inventorying the contents of the impounded vehicle. The purpose of this type of search is not to find evidence of crime. Rather, it is intended: (1) to protect the owner's property while in official custody; (2) to protect the police against claims of lost or stolen property; (3) to protect the police from danger; and/or (4) to help the police in determining whether the vehicle was stolen and abandoned.

West, 937 A.2d 516, 2007 Pa Super. 349 (2007)(citations omitted)

Attorney Morris correctly cited this case at the suppression hearing. He further stated that "Unless they're doing it in accordance with a uniform policy, then it violates the Fourth Amendment and Article 1, Section 9, of the Pennsylvania Constitution." (N.T. 6/7/11, p. 30). This Court understood that as the subject matter of the hearing was search and seizure, Attorney Morris meant Article 1, Section 8 of the Pennsylvania Constitution and not Section 9. A mere slip of the tongue does not indicate ineffective assistance of counsel, especially when the Court hearing the matter understands what section is being referred to.

For argument's sake, however, assuming that this claim does have arguable merit based upon Attorney Morris saying Section 9 instead of Section 8, we must then turn to whether Attorney Morris' failure to correct this lacked a reasonable basis per Pierce. Attorney Morris did not correct himself at the hearing as the error was minor and did not affect the outcome of the

10

suppression hearing. This Court is well aware that Article 1 Section 9 of the Pennsylvania Constitution is the relevant portion of the Constitution addressing searches and seizures. Further, Appellant was absolutely not prejudiced by this slip of the tongue precisely because this Court is aware that it was a minor error.

Fifth, Appellant argues that Attorney Morris was ineffective as he failed to argue that the Trial Court erred and abused its discretion in denying the Motion to Suppress when the police had no probable cause to tow and the inventory search of the vehicle was without a warrant. The police testified at the suppression hearing that the car was towed as a safety hazard. Further, the inventory search was properly warrantless because an inventory search can be done without a warrant when "(1) police have legally impounded the vehicle; and (2) they conduct the search in accordance with a reasonable, standard policy of routinely securing and inventorying the contents of the impounded vehicle." West, 937 A.2d 516 (2007).

Additionally, the proper time to object to the ruling would be on direct appeal. This issue was addressed in the Court's Memorandum Opinion of May 13, 2013, and the Superior Court affirmed that judgment of sentence on November 15, 2013, and as such we defer to those documents.

Sixth, Appellant argues that Attorney Morris failed to argue the "Plainview Doctrine" as a defense at the suppression hearing and thus was ineffective as counsel. Again, this issue was addressed in the May 13, 2013 Memorandum Opinion. Attorney Morris did not act ineffectively in not arguing said doctrine during the suppression hearing as the doctrine clearly applies here and the sock and baggies were within plain view of the Officer conducting the search. Our prior opinion also addresses the legality of the search in the first place and we defer to that opinion.

11

Lastly, Appellant argues that all of his attorneys abandoned him and did not file any motions or appeals when he asked them to do so. Appellant gives no indication of when he requested certain motions be filed; further, he indicated that he wanted to proceed *pro se* on appeal. Appellant was granted to leave to proceed *pro se* on appeal on March 21, 2013. When he filed a PCRA on November 25, 2013, counsel, Attorney Jennifer Tobias, was immediately appointed to represent him. Attorney Tobias reviewed his case and determined he was not eligible for post-conviction collateral relief. This claim has no arguable merit.

Accordingly, we request that Appellant's appeal in this matter be dismissed and that our Order of January 22, 214, be affirmed.

**Respectfully submitted:**

_____
**Deborah E. Curcillo, Judge**

Dated: 3/13/14

*Distribution:* 3-13-14 3³³pm KC
The Superior Court of Pennsylvania mail
Hon. Deborah E. Curcillo
Joe Cardinale, Esquire, Dauphin County District Attorney's Office 1/0
Antoine M. Black, KW-8437, SCI-Rockview, Box A, Bellefont, PA 16823 mail
Clerk of Courts, Dauphin County Courthouse

2014 MAR 13 PM 2:32
DAUPHIN COUNTY PENNA
RECEIVED OFFICE OF CLERK OF COURT

12