In sum, for all of the above reasons, while I find the amendment to Article I,

Section 6 to be constitutional, I respectfully dissent to the framework utilized by the majority, as well as its conclusion that Article I, Section 14 passes the "separate vote" requirement of Article XI, Section I.

Justice NIGRO and BAER join this concurring and dissenting opinion.

**Marvin LUNDY, Esquire, Appellant**

v.

**Donald F. MANCHEL, Esquire, Appellee.**

**Marvin Lundy, Esquire, Appellee**

v.

**Donald F. Manchel, Esquire, Appellant**

Superior Court of Pennsylvania.

Argued Sept. 23, 2003.

Filed Sept. 30, 2004.

---

**3.** I find, however, the majority's analysis regarding the implicit impact of an amendment upon other constitutional provisions to be hopelessly vague and therefore largely unhelpful, as it offers three different, and seemingly inconsistent, inquiries, i.e., whether the proposed amendments "facially" affect, "patently" affect, and/or "substantively" affect, other parts of the Constitution. Majority Opinion op. at p. 842, 842, and 845.

Paul R. Rosen, Philadelhia, for Lundy.

Murray S. Eckell, Media, for Manchel.

---

Before: STEVENS, BOWES, and MONTEMURO *, JJ.

STEVENS, J.:

¶ 1 Marvin Lundy appeals from an August 21, 2002 order of the Court of Common Pleas of Philadelphia County.[1] Donald Manchel cross appeals.

¶ 2 Lundy and Manchel were partners in Manchel, Lundy & Lessin, a personal injury law firm ("the firm"). No longer wishing to remain associated, they entered into a Dissolution Agreement in July 1997, and began binding common law arbitration which has extended to numerous hearings involving comprehensive testimony over the course of years.

¶ 3 On April 14, 2001, and September 7, 2001, the arbitrator issued orders which, in pertinent part, directed Lundy to comply with the Dissolution Agreement, and pay certain amounts to the partnership and to Manchel. Lundy petitioned the arbitrator to reconsider the September 7, 2001 order, but reconsideration was denied on November 1, 2001. Despite the denial of reconsideration, Lundy refused to comply with the arbitration awards of April 14, 2001, and September 7, 2001, causing Manchel to file a petition for confirmation. Manchel's petition was granted, and on February 4, 2002, Judge Matthew Carrafiello of the Court of Common Pleas of Philadelphia County confirmed the arbitration awards of April 14, 2001, and September 7, 2001.

---

* Retired Justice assigned to the Superior Court.

1. This order states:

AND NOW, this 21st day of AUGUST, 2002, upon consideration of the Preliminary Objections filed by Respondent, Donald F. Manchel, Esquire to the Petition to .Vacate or Modify Arbitration Award filed by Petitioner, Marvin Lundy, Esquire, the Petitioner's response thereto, and in accordance with the Memorandum Opinion being filed contemporaneously with this Order, it is hereby ORDERED and DECREED that said Preliminary Objections are SUSTAINED in part, and OVERRULED in part, and that the Petition to Vacate or Modify Arbitration Award is DISMISSED with prejudice. Further, Respondent's request for attorney's fees and costs is DENIED.

Order filed 8/21/02

¶ 4 Lundy did not petition the lower court to vacate or modify the February 4, 2002 confirmation order within thirty days, as is required by 42 Pa.C.S.A. § 7342(b), but neither did he comply with the February 4, 2002 order.[2] Instead, he waited until April 16, 2002, before petitioning the arbitrator for what he titled "Appropriate Adjustment Based on Inequity in Value." Lundy's petition for adjustment alleged that the Dissolution Agreement vested in the arbitrator the power to make adjustments, which were necessary because of errors in the September 7, 2001 arbitration award (which, as we mentioned above, Lundy failed to challenge before the lower court), and an arbitration award of November 5, 1999.[3]

¶ 5 In response to Lundy's petition for adjustment, Manchel filed preliminary objections, complaining of, among other things, that Lundy was attempting to relitigate issues from which he had failed to appeal. On May 8, 2002 the arbitrator sustained Manchel's preliminary objections and denied Lundy's petition for adjustment. The effect of this order was to leave intact and in force the April 14, 2001, and September 7, 2001 arbitration awards.[4]

¶ 6 Still attempting to avoid the arbitrator's order to comply with the Dissolution Agreement, however, Lundy filed a petition to "Vacate or Modify Unconscionable Common Law Arbitration Award" with the lower court on June 7, 2002, requesting that the lower court vacate the arbitrator's May 8, 2002 order and assume jurisdiction for the purposes of deciding Lundy's April 16, 2002 petition for adjustment. As described by the lower court, Lundy's petition to vacate asserted that:

> he was denied his right to a full and fair hearing because the Arbitrator denied his Petition for Adjustment without holding a new hearing on the arbitration awards, and before Lundy could reply to Manchel's Preliminary Objections to Lundy's Petition for Adjustment. Additionally, Lundy alleges that the May 8th

2. "[42 Pa.C.S.A § 7342(b)] has consistently been interpreted to require that any challenge to the arbitration award be made in an appeal to the Court of Common Pleas by the filing of a petition to vacate or modify the arbitration award within 30 days of the date of the award." *Sage v. Greenspan*, 765 A.2d 1139, 1142 (Pa.Super.2000). "Specifically, a party must raise alleged irregularities in the arbitration process in a timely petition to vacate or modify the arbitration award." *Id.*

3. The certified record before this court contains no information regarding an arbitration award of November 5, 1999.

4. The arbitrator has since entered another order on February 26, 2003, directing Lundy to pay specified amounts to the partnership and to Manchel. On July 30, 2003, the award of February 26, 2003 was confirmed by the lower court, which also awarded Manchel attorney's fees as a sanction for Lundy's dilatory tactics. Lundy failed to file a petition to vacate or modify the award, but on July 30, 2003, he appealed the July 30, 2003 order to a panel of this Court. On April 28, 2004, the Court affirmed the lower court's order, including the award of attorney's fees in Manchel's favor. In affirming award of attorney's fees, this Court noted that:

> the record demonstrates that Appellant has repeatedly and unabashedly ignored court orders and needlessly prolonged the dissolution proceedings at Appellee's expense. Moreover, the arguments presented in the instant appeal are patently frivolous,[1] as this Court finds no merit to Appellant's contention that he has been deprived of due process of law.
> 1 Based on our determination that this appeal is frivolous, we grant Appellee's request for reasonable attorney's fees related to this appeal. Accordingly we remand the case for the trial court to ascertain the amount of damages authorized by Pa.R.A.P. 2744.

*In re: Manchel, Lundy & Lessin, appeal of Lundy*, No. 2551 EDA 2003, unpublished memorandum at 4 (Pa.Super. filed April 28, 2004).

Order was tainted by bias and fraud on the part of the Arbitrator, and that the May 8th Order was grossly inequitable. Memorandum Opinion filed 8/22/02 at 2. In response to Lundy's petition to vacate, Manchel again filed preliminary objections, arguing that the petition attempted to re-litigate settled matters, and was legally insufficient, procedurally deficient, vexatious and filed in bad faith. *Id.* The lower court sustained Manchel's preliminary objections on several grounds, and dismissed Lundy's petition on August 22, 2002. Lundy now appeals.[5]

¶ 7 Because we find no merit to Lundy's claims, we affirm the lower court's grant of Manchel's preliminary objections. Al-though Lundy filed a petition to vacate the arbitrator's order of May 8, 2002, what he actually challenges are the arbitration awards of April 14, 2001, and September 7, 2001. We agree with Manchel that Lundy is improperly trying to avoid those awards.

¶ 8 Even if this were not the case, Lundy's appeal is fatally flawed. The "statement of questions involved" contained in Lundy's appellate brief raises four allegations of trial court error.[6] The argument portion of Lundy's brief, however, contains argument under only three headings as follows: "Lundy Proved an Unjust, Inequitable and Unconscionable Award," "Lundy Proved the Denial of a Hearing" and "The

---

5. Since their inception, the appeal and cross appeal have been continued three times at the parties' request.

6. Lundy asserts:

In sustaining preliminary objections dismissing Appellant's Petition to Vacate or Modify Unconscionable Arbitration Award under 42 Pa.C.S.A. § 7341, did not the Court below commit reversible error in each of the following regards:

1. Giving the imprimatur of the Court to the wholesale violations of Lundy's due process rights to notice and hearing, which Constitutional deprivation had occurred on the Arbitrator's failure to hold any hearing whatsoever on Lundy's petition and the granting of Manchel's Preliminary Objections 2 days after they had been served, and without providing Lundy any chance to respond?

2. Failing to recognize that the duties vested in the Arbitrator by written agreement required that he first hold a hearing with respect to the distribution of assets of a dissolved law partnership to its partners, and thereafter hold a hearing regarding the entitlement of the partners to the equitable adjustment of such distributions based upon post-dissolution imbalances between the partners [sic] contributions to and distributions from the partnership, and that both the distributions and equitable adjustments could not occur absent a hearing?

3. Erroneously concluding that the Arbitration Hearing necessary to sustain the Award, as required by the Dissolution Agreement and statute occurred almost three years earlier, and in proceedings for fixing percentage entitlements of a dissolved law partnership's assets for making initial distributions, even though the Appellant's Petition, for which no hearing was ever held, sought instead an Equitable Adjustment under a separate Dissolution Agreement provision?

4. Failing to find any irregularity, corruption or misconduct even though the Arbitrator (a) suggested in writing his participation in *ex parte* communications; (b) claimed that he relied upon responses, even though no responses had been filed; (c) claimed that he relied upon pleadings which had not been filed; (d) in denying reconsideration, claimed that he "again" reviewed "the recent pleadings, relevant testimony and exhibits" even though there was no testimony, or exhibits presented, or any recent pleadings; and (e) submitted bills reflecting that he spent no time reviewing testimony, exhibits or pleadings, other than the Petition and Preliminary Objections, even though he billed and even double billed 1 hour for drafting and transmitting his two sentence Award?

Lundy's appellate brief at 3–4. We remind Appellant that the statement of matters complained of should not ordinarily exceed fifteen lines, and must never exceed one page. Pa. R.A.P. 2116(a).

Cold Record Alone Sadly Establishes Misconduct, Corruption or Other Irregularities." *Id.* at 22–23, 25.

■ ¶ 9 Pursuant to Pa.R.A.P. 2116(a), no point will ordinarily be considered which is not set forth in the statement of questions involved, or suggested thereby. Additionally, pursuant to Pa.R.A.P. 2119(a), the argument portion of an appellate brief is to be divided into as many parts as there are questions to be argued. Here, the argument portion of Lundy's brief is not divided into the issues raised by his statement of questions involved. Even if we were to find that the allegations included in the argument portion of Lundy's brief were sufficiently similar to the statement of questions involved to allow review, none of Lundy's claims have merit.

■ ¶ 10 In asserting that he "Proved the Denial of a Hearing," and that the arbitration award should have been vacated or modified because misconduct, corruption, or other irregularity caused it to be unjust, inequitable and unconscionable, Lundy makes various factual assertions, including references to the Dissolution Agreement, insisting that the assertions are established by "[t]he uncontradicted and uncontradictable facts." *Id.* at 22–23. In the sparse argument he provides, Lundy does not specify or offer citation to the location of these allegedly "uncontradicted and uncontradictable facts" in the record, in violation of Rule 2119(c). Additionally, a review of the certified record reveals that it does not contain the Dissolution Agreement, therefore any argument which hinges on application of that agreement has been waived.

"It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." *Hrinkevich v. Hrinkevich,* 450 Pa.Super. 405, 676 A.2d 237, 240 (Pa.Super.1996) (citation omitted). "Under our Rules of Appellate Procedure, those documents which are not part of the 'official record' forwarded to this Court are considered to be non-existent .... And, these deficiencies may not be remedied by inclusion in a brief in the form of a reproduced record." *D'Ardenne v. Strawbridge & Clothier, Inc.,* 712 A.2d 318, 326 (Pa.Super.1998) (citation omitted), *appeal denied,* 557 Pa. 647, 734 A.2d 394 (1998). "It is well settled that an appellate court may consider only those facts which have been duly certified in the record on appeal." *Albert v. Albert,* 707 A.2d 234, 236 (Pa.Super.1998).

*Bennyhoff v. Pappert,* 790 A.2d 313, 318 (Pa.Super.2001) (*citing Claudio v. Dean,* 786 A.2d 224 (Pa.Super.2001) *reversed on other grounds,* 574 Pa. 359, 831 A.2d 140 (2003.)).

■ ¶ 11 This arbitration has obviously been complex and protracted. Without a complete certified record, without concrete citations to the record we have before us, and without a cohesive brief, Lundy has utterly failed to show that Manchel's preliminary objections in this regard were improperly sustained.[7] *Theodore C. Wills Company v. School District of Boyertown*

---

7. Although Lundy also makes a passing reference to the necessity of a hearing under 42 Pa.C.S.A. § 7341, this claim is never developed, and the mere inclusion of a citation is insufficient to render the argument here complete. *Jackson v. Vaughn,* 565 Pa. 601, 606 n.

4, 777 A.2d 436, 439 n. 4 (2001); *Columbia Medical Group v. Herring & Roll,* 829 A.2d 1184, 1194 (Pa.Super.2003); *McClung v. Breneman,* 700 A.2d 495, 497 (Pa.Super.1997).

*Area,* 837 A.2d 1186, 1188 (Pa.Super.2003); *See also Gargano v. Terminix,* 784 A.2d 188, 193 (Pa.Super.2001).[8]

■ ¶ 12 Having found meritless Lundy's continued attempts to avoid the arbitrator's awards in this case, we turn to Manchel's cross-appeal that the lower court should have awarded him counsel fees. In denying Manchel's request for fees, the lower court stated as follows:

> Under 42 Pa.C.S. § 2503(9), a party in entitled to counsel fees if "the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." Opinion filed 8/22/02 at 9[4] . Each of these terms have been narrowly defined as follows:
>
>> An opponent's conduct has been deemed to be "arbitrary" within the meaning of the statute if such conduct is based on random or convenient selection or choice rather than on reason or nature. An opponent also can be deemed to have brought suit "vexatiously" if he filed the suit without sufficient ground in either law or in fact and if the suit served the sole purpose of causing annoyance. Finally, an opponent can be charged with filing a law suit in "bad faith" if he filed the suit for the purpose of fraud, dishonesty, or corruption.
>
> *Thunberg v. Strause,* 545 Pa. 607, 615–616, 682 A.2d 295, 299–300 (1996) (citations omitted).
>
> . . .

Although the record clearly demonstrates that the Petitioner has employed all possible procedural strategies which, in effect, delay compliance with the Arbitration awards, that were ordered in 2001, the Court cannot conclude that the Petitioner's actions in filing the Petition to Vacate rise to the level of being vexatious. Therefore, this Court denies Respondent's request for attorney's fees and costs.

4  Section 2503(9) was drafted with the intent "to sanction those who knowingly raise, in bad faith, frivolous claims which have no reasonable possibility of success, for the purpose of harassing, obstructing or delaying the opposing party." *In re Estate of Liscio,* 432 Pa.Super. 440, 446, 638 A.2d 1019, 1022 (1994), *citing Dooley v. Rubin,* 422 Pa.Super. 57, 64, 618 A.2d 1014, 1018 (1993).

Opinion filed 8/22/02 at 9.

■ ¶ 13 The cited portion of Section 2503 states:

> § 2503. Right of participants to receive counsel fees The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
>
> . . .
>
> (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

42 Pa.C.S. § 2503(9). "Because 42 Pa.C.S. § 2503(9) reads in the disjunctive, the trial

8. In *Theodore C. Wills Company,* a panel of this Court explained:

[I]n assessing the propriety of the trial court's decision to sustain preliminary objections, we examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine

the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion.

*Theodore C. Wills Company,* 837 A.2d at 1188.

court needed only to find that one of the factors was present, *i.e.* that the action was initiated arbitrarily." *Thunberg*, 545 Pa. at 619 n. 7, 682 A.2d at 301 n. 7. In the case at hand, we find that the lower court abused its discretion in failing to award counsel fees.

¶ 14 Manchel also asks this Court to award counsel fees for Lundy's filing of a frivolous appeal.

> Under Pa. R.A.P. 2744, an appellate court may award counsel fees and other damages when it determines that "an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." *Accord Smith v. Commonwealth, Pennsylvania Board of Probation and Parole*, 524 Pa. 500, 506–511, 574 A.2d 558, 562–564 (1990). An appeal is "frivolous" if the appellate court determines that the appeal lacks any basis in law or in fact. *Id.* (*citing McCoy v. Court of Appeals*, Dist. 1, 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988)).

Because we conclude that Lundy's current appeal lacks any basis in law or in fact, counsel fees shall be assessed by the lower court under Rule 2744.

¶ 15 For the foregoing reasons, we affirm in part and remand in part, with direction that the lower court determine the appropriate amount of attorney's fees.

¶ 16 Affirmed in part, Remanded in part. Jurisdiction relinquished.