J-S55013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
YASHEAM WASHINGTON :
:
Appellant : No. 3085 EDA 2017

Appeal from the PCRA Order September 7, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012019-2007,
CP-51-CR-0012020-2007

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 24, 2018**

Appellant, Yasheam Washington, appeals from the September 7, 2017 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Early in the morning on August 23, 2007, Appellant held a knife to Keith Rogers' stomach while his confederates robbed him.  Rogers immediately went to police and reported the robbery.  Two days later, Appellant and his confederates assaulted Rogers because he reported the robbery to police.

Appellant proceeded to a bench trial at which he did not testify. Appellant was convicted of two counts of conspiracy,[1] two counts of simple

---

[1] 18 Pa.C.S.A. § 903.

assault,[2] theft by unlawful taking,[3] recklessly endangering another person,[4] robbery,[5] resisting arrest,[6] and retaliating against a witness.[7] The trial court sentenced Appellant to 6 to 14 years' imprisonment. This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal. ***Commonwealth v. Washington***, 24 A.3d 458 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 29 A.3d 373 (Pa. 2011).

On March 28, 2012, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition. On July 18, 2017, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. **See** Pa.R.Crim.P. 907. On September 7, 2017, the PCRA court dismissed the petition. This timely appeal followed.[8]

Appellant presents one issue for our review:

---

[2] 18 Pa.C.S.A. § 2701(a).

[3] 18 Pa.C.S.A. § 3921(a).

[4] 18 Pa.C.S.A. § 2705.

[5] 18 Pa.C.S.A. § 3701(a)(1)(iv).

[6] 18 Pa.C.S.A. § 5104.

[7] 18 Pa.C.S.A. § 4953(a).

[8] On October 2, 2017, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On October 13, 2017, Appellant filed his concise statement. On December 8, 2017, the PCRA court issued its Rule 1925(a) opinion. Appellant's lone issue was included in his concise statement.

> [Was trial counsel] ineffective in advising [A]ppellant not to testify at trial thereby vitiating [A]ppellant's Constitutional right to testify [on] his own behalf at trial?

Appellant's Brief at 2.

Prior to considering the merits of Appellant's issue, we must determine whether he preserved that issue. ***Madrid v. Alpine Mountain Corp.***, 24 A.3d 380, 382 (Pa. Super. 2011). A petitioner is required to raise an issue in the PCRA court in order for the issue to be preserved for appellate review. Pa.R.A.P. 302(a); ***Commonwealth v. Roney***, 79 A.3d 595, 616 (Pa. 2013). Appellant's amended PCRA petition failed to allege that his trial counsel was ineffective in advising him not to testify at trial. Instead, the only issue raised in Appellant's amended PCRA petition was that trial counsel was ineffective for failing to call Appellant as a witness at trial. ***See*** Amended PCRA Petition, 1/12/16, at 1-2. Appellant failed to allege that trial counsel advised him not to testify at trial.[9] ***See id.*** Hence, Appellant waived his claim that trial counsel was ineffective in advising him not to testify at trial.

Moreover, Appellant waived his lone appellate issue because he failed to ensure that the notes of testimony from the bench trial were included in the certified record. ***See Lundy v. Manchel***, 865 A.2d 850, 855 (Pa. Super. 2004) (issue waived for failure to include all necessary documents in the certified

---

[9] Appellant raised this issue for the first time in his concise statement. "An issue raised for the first time in a concise statement is waived." ***Beemac Trucking, LLC v. CNG Concepts, LLC***, 134 A.3d 1055, 1058 (Pa. Super. 2016) (citation omitted).

record); *cf. Commonwealth v. Magee*, 177 A.3d 315, 326 n.13 (Pa. Super. 2017) (citation omitted) ("It is the appellant's responsibility to ensure that the certified record contains the facts needed for review."). Because of this omission, we are unable to determine if a colloquy occurred in which trial counsel and/or the trial court properly informed Appellant of his right to testify on his own behalf.

Even if Appellant preserved his lone appellate issue, he would not be entitled to relief. "When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Jordan*, 182 A.3d 1046, 1049 (Pa. Super. 2018) (citation omitted). Appellant's lone issue relates to his trial counsel's alleged ineffectiveness.

"[T]he Sixth Amendment to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution, [entitle a defendant] to effective counsel. This right is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Simpson*, 112 A.3d 1194, 1197 (Pa. 2015) (cleaned up). "Counsel is presumed to have been effective." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017). To prevail on an ineffective assistance of counsel claim, a "petitioner must plead and prove that: "(1) his underlying claim is of arguable merit; (2)

the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Johnson***, 179 A.3d 1153, 1158 (Pa. Super. 2018) (citation omitted). "A petitioner's failure to satisfy any prong of this test is fatal to the claim." ***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (citation omitted).

To show that "counsel was ineffective for failing to advise [a defendant] of his [right to testify], the [petitioner] must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." ***Commonwealth v. Smith***, 181 A.3d 1168, 1179 (Pa. Super. 2018) (citation omitted). Appellant does not allege that trial counsel interfered with his right to testify. Hence, he must demonstrate that trial counsel's **specific** advice was so unreasonable as to vitiate a knowing and intelligent decision not to testify on his own behalf.

Appellant's amended PCRA petition and appellate brief do not set forth the **specific** advice counsel provided that was so unreasonable as to vitiate his right to knowingly and intelligently waive his right to testify on his own behalf. It is well-settled that an undeveloped, bald assertion such as that contained in Appellant's amended PCRA petition does not entitle a defendant

to an evidentiary hearing. *See Commonwealth v. McDermitt*, 66 A.3d 810, 816 (Pa. Super. 2013). Furthermore, Appellant did not attach any documents, affidavits, or notes of testimony to his amended PCRA petition supporting his claim that trial counsel provided **specific** advice that was so unreasonable as to vitiate his right to knowingly and intelligently waive his right to testify on his own behalf. Accordingly, Appellant would not be entitled to relief if he preserved his lone appellate issue.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/18