J-S33011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
SHARRONE A. GRAY :
:
Appellant : No. 971 EDA 2021

Appeal from the PCRA Order Entered April 6, 2021,
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0105661-2003

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.: **FILED NOVEMBER 19, 2021**

Sharrone A. Gray appeals from the April 6, 2018 order that dismissed her petition for relief pursuant to the Post-Conviction Relief Act ("PCRA") as untimely. We affirm.

This Court previously summarized the factual history of this case in adjudicating Appellant's direct appeal, as follows:

On the evening of November 28, 2002, which happened to be Thanksgiving Day, Appellant went to a local Philadelphia bar with a friend, Starleen Pringle, and Pringle's mother. Other patrons in the bar included the victims, Daisy Alvarez and Anna Romano. During the course of the evening, Appellant argued with some of the other bar patrons, including Alvarez['s] boyfriend, over use of the pool table. The disagreement escalated when it moved outside as the bar was closing for the night. Appellant and Pringle both became engaged in separate fistfights outside the bar while other patrons gathered around. Appellant managed to retrieve a crowbar from the trunk of her car which she started swinging at the people around her before she lost possession of it, and she escaped into the interior of the vehicle. Pringle and her mother also got in the car, and someone threw the crowbar

into the rear car window as Appellant attempted to exit the parking space. Appellant quickly put the vehicle in reverse and backed up, hitting Alvarez as she did so. Alvarez fell to the ground. Appellant then drove a short distance before making a U-turn and returning to the scene at a high rate of speed, where the crowd still remained. Romero was kneeling down next to Alvarez when Appellant struck the two women with the car, first running over Alvarez completely then striking Romero and throwing her onto the windshield of a nearby vehicle.

Appellant then drove off and dropped off Pringle's mother at her home near the bar, then she and Pringle traveled some distance to the rooming house where Appellant was staying. Once there, Appellant took a rifle from her landlord along with some ammunition, and she told Pringle she was returning to the bar. Pringle then called the police. Appellant was soon stopped by an officer who observed her broken rear window and other damage to the vehicle, and the rifle was retrieved from the trunk. Several bullets were also recovered from Appellant's person.

Alvarez was pronounced dead that same night having sustained severe head and neck injuries consistent with having been run over by a car, as well as fractures to her pelvis and to both the left and right sides of each one of her ribs. Romero was seriously injured, spending approximately one month in the hospital for treatment to both legs and an arm, and at the time of trial she was expecting to undergo further surgical procedures.

Appellant was tried before a jury in a five-day trial. Upon her convictions [for third-degree murder, aggravated assault, and possessing an instrument of crime], she was sentenced to an aggregate term of incarceration of [twenty-five to fifty] years.

*Commonwealth v. Gray*, 869 A.2d 7 (Pa.Super. 2004) (unpublished memorandum at 1-3). On December 21, 2004, this Court affirmed Appellant's judgment of sentence. *Id*. at 11. She did not seek allowance of appeal in our Supreme Court.

On December 1, 2005, Appellant filed a timely *pro se* PCRA petition. After counsel was appointed, an amended petition was filed on her behalf

raising, *inter alia*, allegations of ineffective assistance of counsel. Ultimately, Appellant's first PCRA petition was denied, and the denial was affirmed on appeal by this Court. **See Commonwealth v. Gray**, 951 A.2d 1210 (Pa.Super. 2008) (unpublished memorandum at 8). On July 1, 2010, Appellant filed a second *pro se* PCRA petition, which was dismissed as untimely. This Court affirmed the dismissal. **See Commonwealth v. Gray**, 87 A.3d 390 (Pa.Super. 2013) (unpublished memorandum at 3). Thereafter, our Supreme Court denied Appellant's petition for allowance of appeal. On February 3, 2015, Appellant submitted a filing styled as a motion for modification of sentence *nunc pro tunc*, which was treated as a serial PCRA petition and dismissed as untimely. On appeal, this Court affirmed. **See Commonwealth v. Gray**, 178 A.3d 198 (Pa.Super. 2017) (unpublished memorandum at 3).

On July 18, 2018, Appellant filed the instant PCRA petition. No action was taken by the PCRA court until February 5, 2021, when it filed notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not respond. On April 6, 2021, the PCRA court dismissed her petition. On May 11, 2021, Appellant filed a notice of appeal to this Court.[1]

---

[1] A notice of appeal must be filed within 30 days after the entry of the order from which it is taken. **See** Pa.R.A.P. 903(a). "In a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket." **Commonwealth v. Jerman**, 762 A.2d 366, 368

*(Footnote Continued Next Page)*

- 3 -

Appellant has raised four issues for our consideration:

1. Did the PCRA court err in dismissing Appellant's petition as untimely as relating to newly discovered evidence?

2. Did Appellant receive layered ineffective assistance of counsel throughout her trial and appeal process?

3. Did the Court err in dismissing Appellant's PCRA [petition] based on [the] trial judge's error in not granting a mistrial for incorrect deliberation sheets?

4. Did the PCRA court err in dismissing Appellant's appeal citing prosecutorial misconduct?[2]

_____

(Pa.Super. 2000); *see also* Pa.R.Crim.P. 114(A)-(C). Instantly, our review of the docket entries reveals no indication that the clerk furnished a copy of the order to Appellant. Furthermore, there is no notation on the docket recording the time and manner of notice. "Thus, we assume the period for taking an appeal was never triggered and the appeal is considered timely." *Jerman*, *supra* at 368. Therefore, we will construe Appellant's notice of appeal as having been timely filed. *Id*.

Despite the clerk's failure to note service on the docket, Appellant obviously received notice of the order given her filing of an appeal. Accordingly, we will also "regard as done that which ought to have been done" and treat this appeal as if the clerk had properly inscribed the date of service on the docket such that the instant appeal is timely. *See Commonwealth v. Carter*, 122 A.3d 388, 391 (Pa.Super. 2015).

[2] On December 18, 2019, Appellant filed an amended PCRA petition without seeking leave from the PCRA court. Pursuant to Pennsylvania Rule of Criminal Procedure 905(A), the PCRA court may "grant leave to amend" a PCRA petition "at any time." The Rule also directs that such amendment "shall be freely allowed to achieve substantial justice." Pa.R.Crim.P.905(A). "Nevertheless, it is clear from the rule's text that leave to amend must be sought and obtained, hence, amendments are not self-authorizing." *Commonwealth v. Baumhammers*, 92 A.3d 708, 731 (Pa. 2014) (cleaned up). "It follows that petitioners may not automatically 'amend' their PCRA petitions via responsive pleadings." *Id*. To the extent that Appellant seeks to raise claims for relief not asserted in her initial PCRA petition, such issues are waived. *Id*. at 732.

Appellant's brief at 4. "Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015).

Before considering the merits of Appellant's claims for relief, we must assess the timeliness of her PCRA petition which presents a question of jurisdictional gravity. ***See Commonwealth v. Reid***, 235 A.3d 1124, 1140 (Pa. 2020) ("If a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." (cleaned up)). Pursuant to the PCRA, all "second or subsequent" petitions must be filed "within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). For our purposes, a judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration fo time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Appellant's judgment of sentence became final on January 20, 2005, when her time in which to seek allowance of appeal to our Supreme Court as to her judgment of sentence expired. ***See*** Pa.R.A.P. 1113(a). Thus, her instant petition is facially untimely by more than twelve years.

However, PCRA petitioners may be excused from this strict chronological limitation if they successfully allege and prove that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). At the time Appellant filed the instant PCRA petition, any petition invoking one of these exceptions was required to be filed within 60 days of the date the claim could have been presented.[3] *See* 42 Pa.C.S. § 9545(b)(2) (effective on or before December 23, 2018).

Appellant has raised a number of different arguments regarding timeliness in her lengthy and disorganized PCRA petition. In this Court, she relies exclusively upon § 9545(b)(1)(ii) and asserts that the following constitute new facts: (1) the removal of assistant district attorneys who Appellant claims participated in her prosecution for alleged misfeasance; and (2) letters from two eyewitnesses to Appellant's crimes: Josette Blassingale

---

[3] On October 24, 2018, our General Assembly amended the statute. It currently provides that "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within **one year** of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) (emphasis added). This amendment took effect on December 24, 2018, and applies to claims that arose one year before the effective date of this section, *i.e.*, on or after December 24, 2017. *See* 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915) at §§ 2-3. This amendment does not impact our holding.

- 6 -

and Starleen Pringle. **See** PCRA Petition, 7/18/18, at 3-7. We will address Appellant's timeliness arguments *seriatim*.

Appellant's first argument concerning timeliness baldly asserts that various assistant district attorneys involved in her case have since been terminated due to unspecified illegal or criminal behavior. There is no supporting documentation, averments of specific facts, or cogent discussion of these spurious allegations in Appellant's PCRA petition.[4] Indeed, our review of the certified record has been unable to confirm that the individuals named in Appellant's petition were even involved in her prosecution.

"To invoke an exception, the petitioner must plead it and satisfy the burden of proof." **Commonwealth v. Geer**, 936 A.2d 1075, 1077 (Pa.Super. 2007). Appellant has offered no corroboration or elaboration with respect to these claims. Accordingly, she has failed to meet the necessary burden of proof to demonstrate the applicability of § 9545(b)(1)(ii). **See Commonwealth v. Allison**, 235 A.3d 359, 364 (Pa.Super. 2020) ("Aside from his unsubstantiated bald assertions, Appellant has failed to offer any evidence in support of his claims.").

---

[4] Appellant has attached documentation to her brief that was not provided to the PCRA court and does not appear in the certified record. **See** Pa.R.A.P. 1921. "Under our Rules of Appellate Procedure, those documents which are not part of the official record forwarded to this Court are considered to be non-existent[.]" **Lundy v. Manchel**, 865 A.2d 850, 855 (Pa.Super. 2004). Such a deficiency may not be remedied by merely appending the at-issue materials to an appellant's brief. **Id**. Therefore, we have not considered this evidence in rendering our holding in this case.

We turn to the exculpatory letters written by Blassingale and Pringle. The timeliness exception at § 9545(b)(1)(ii) "requires the petitioner to allege and prove that there were facts that were **unknown** to him and that he could not have ascertained those facts by the exercise of due diligence." ***Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017) (emphasis added). Although Appellant presents these materials as containing allegedly new facts, our review of the certified record reveals that she previously attached these same letters to a PCRA petition filed more than ten years ago. ***See*** PCRA Petition, 7/1/10, at 27-30, 32-34 (unpaginated). Appellant, therefore, cannot establish that these facts were unknown to her. Indeed, the letters had been in her possession and knowledge for more than eight years at the time she filed the instant PCRA petition. The letters and, more importantly, the facts contained therein are neither new nor newly discovered. Therefore, § 9545(b)(1)(ii) does not apply.

The remainder of Appellant's claims for relief are either not framed as exceptions to the PCRA's strict time bar, or merely incorporate the arguments addressed above. ***See*** Appellant's brief at 13-30. To the extent that Appellant raises additional issues that do not invoke a timeliness exception at 42 Pa.C.S. § 9545(b)(1)(i)-(iii), those claims are untimely. ***See Commonwealth v. Thompson***, 199 A.3d 889, 892 (Pa.Super. 2018) (holding that Superior Court lacked jurisdiction over PCRA claims filed "well-outside of the one-year time

frame" where the petitioner failed to plead and prove the applicability of "one or more of the three statutory exceptions to the time bar").

Based on the foregoing discussion, we discern no error of law or abuse of discretion in the PCRA court's dismissal of Appellant's petition. The record unambiguously demonstrates that Appellant's petition is patently untimely and not subject to any exception.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2021