J-S02005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TD BANK, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAYKAZUNI ANDREASYAN AND | : | |
| MUSHEGH ANDREASYAN | : | |
| | : | No. 1722 EDA 2023 |
| Appellant | : | |

Appeal from the Order Entered May 23, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2022-02483

BEFORE:   LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:          **FILED SEPTEMBER 26, 2024**

Haykazuni Andreasyan (Father) and Mushegh Andreasyan (Son) (collectively Appellants) appeal from the May 23, 2023 order entering summary judgment in favor of Appellee, TD Bank, N.A., (TD Bank), pursuant to the Pennsylvania Uniform Voidable Transactions Act (PUVTA),[1] in the amount of $1,197,307.50, and against Appellants, jointly and severally, while setting aside the disposition from Father to Son of 35 Moredon Road, Huntington Valley, Montgomery County (Moredon Property), and ordering its retitling in Father's name.  Appellants challenge the trial court's conclusion that the record supports a finding that there existed an "asset" under PUVTA

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 12 Pa.C.S.A. §§ 5101-5114.  The predecessor statute to PUVTA was the Pennsylvania Uniform Fraudulent Transfer Act (PUFTA).

such that there was no genuine issue of material fact. Appellants also challenge the remedies and basis for judgment entered by the court. After careful review, we conclude that the grant of summary judgment for TD Bank was inappropriate where there was a genuine issue of material fact as to whether there was a "transfer" of an "asset" under PUVTA. Therefore, we reverse the order, vacate the judgment, and remand for further proceedings..

On December 15, 2020, TD Bank, as lender, executed a note on a $500,000.00 revolving line of credit to MVA LLC (MVA), as borrower. In connection with that loan, Father, the sole member of MVA, also executed an unconditional personal guarantee on the note. Among Father's assets at the time of the execution of the note and guarantee were two properties: the Moredon Property and 5114 Beach Side Drive, Coolbaugh Township, Monroe County (Beach Side Property).[2]

At some point, TD Bank sent MVA and Father a demand letter alleging that the note was in default. Father then presented a check to TD Bank in the amount of $480,000.00 as payment to make the loan current. Immediately thereafter, TD Bank permitted MVA to draw an additional sum on the note, causing the principal balance to increase to $974,384.83 on the $500,000.00

---

[2] This case, filed in connection with the disposition of the Moredon Property, is listed consecutively with another appeal by and between the same parties, arising in Monroe County, from the same set of facts, but in connection with the disposition of the Beach Side Property. *See TD Bank, N.A. v. Haykazuni Andreasyan and Mushegh Andreasyan*, 691 EDA 2023 (Pa. Super. filed September 25, 2024) (unpublished memorandum decision).

note. Some days later, Father's check was returned for insufficient funds, which was after TD Bank had allowed MVA's additional withdrawal. MVA and Father subsequently defaulted on the obligations on the overdrawn note.

On October 21, 2021, TD Bank sent demand letters to MVA and Father, demanding payment. On December 1, 2021, after receiving no response from either MVA or Father, TD Bank filed a complaint in confession of judgment against Father in Montgomery County (Docket No. 2021-24032). On December 6, 2021, the prothonotary entered judgment in favor of TD Bank in the amount of $1,073,177.98. Thereafter, TD Bank transferred the judgment to Monroe County.

When TD Bank sought to foreclose on both the Beach Side Property and the Moredon Property, TD Bank discovered that on November 5 and 8, 2021, respectively, Father had sold each property to Son for $1.00. On February 22, 2022, TD Bank filed the instant action in Montgomery County in connection with the transfer of the Moredon Property. In its complaint (Docket No. 2022-02483), TD Bank raises three counts against Appellants, arising from the transfer of the Moredon Property: (1) a violation of PUVTA; (2) creditor fraud; and (3) a civil conspiracy.

The trial court set out the relevant procedural history as follows:

In furtherance of this suit, [TD Bank] served requests for admissions via e-mail on December 30, 2022. [Appellants] failed to respond at all to [TD Bank's] request for admissions. Accordingly, all matters of fact contained in [TD Bank's] request were deemed admitted by [the] court.

On March 19, 2023, [TD Bank] filed its motion for summary judgment[,] seeking judgment in its favor and against [Appellants], jointly and severally, in the amount of $1,073,177.98, plus all post-judgment interest and additional costs. On May 23, 2023, having deemed admitted all that was presented in [TD Bank's] request for admissions and having received no petition from [Appellants] for withdraw[al] of their admissions, and those admissions being sufficient to establish uncontested facts in support of [TD Bank's] cause of action, [the] court granted [TD Bank's] motion for summary judgment.

*See* Trial Court Opinion, 8/31/23, at 3 (footnote, citation, and unnecessary capitalization omitted). The trial court ruled on TD Bank's motion for summary judgment based entirely on the PUVTA. In doing so, the trial court declined to address the second and third counts in TD Bank's complaint because, in the court's view, the PUVTA count, alone, supported awarding TD Bank the full amount of the judgment.

Appellants filed a timely notice of appeal from the entry of summary judgment. The trial court and Appellants have complied with Pa.R.A.P. 1925. On appeal, Appellants raise the following issues for our review:

1. Whether the trial court erred in issuing a judgment pursuant to [PUVTA] where there was a genuine issue of material fact as to the value of [the Moredon Property] at the time of the transfer?

2. Whether the trial court erred in entering a judgment well in excess of the limitations of [PUVTA], where the judgment both transferred ownership of [the Moredon Property] and simultaneously granted a monetary judgment for [TD Bank's] claim in a total amount which far exceeded the alleged value of the asset?

3. Whether the trial court erred in entering a money judgment against [Appellants, jointly and severally,] with no regard for the value of [Moredon Property] and without adjustments for the prior mortgage debt [] as required under [PUVTA]?

- 4 -

4. Whether the trial court erred in finding that unfiled requests for admissions were within the scope of Rule 205.4, where the [r]ule limits its application only to legal papers that are filed with the court?

Appellants' Brief, at 4-5 (reordered for ease of disposition).

Taken together, essentially, Appellants argue that summary judgment was improper because there was a genuine issue of material fact as to the value of the "asset" allegedly "transferred," i.e., the Moredon Property. Appellants claim that PUVTA specifically defines the term "asset" and limits a plaintiff's recovery to only the value of the equity transferred, which is dictated by the defined statutory remedy of "avoidance." Appellants claim that since there was no evidence of the total value of the Moredon Property or of the value of the existing mortgage in the trial court, there was no proof that Appellants had any equity in the Moredon Property, and therefore, there was no record support for the judgment under PUVTA. Appellants further assert that PUVTA limits a plaintiff's remedies and that there was no legal support for the court's order: (1) making the money judgment joint and several between Appellants; (2) setting aside the transfer of the Moredon Property; or (3) ordering the Moredon Property's retitling in Father's name. We agree with Appellants that summary judgment was improper because there was a genuine issue of material fact as to the value of Appellants' equity in the Moredon Property where there was an issue of fact as to whether there was any "asset" to "transfer" under PUVTA.

Our standard of review for the trial court's grant of summary judgment is well-settled:

An appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the trial court.

To the extent that an appellate court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

Additionally, in evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. [*See*] Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Albert v. Sheeley's Drug Store, Inc.***, 234 A.3d 820, 822 (Pa. Super. 2020)

(some citations, quotation marks, brackets, and ellipsis omitted).

Since our review of Appellants' first three issues requires this Court to engage in statutory interpretation, we also note that "[w]hen considering issues of statutory interpretation, the applicable standard of review is *de novo* and our scope of review is plenary." ***Jones v. McGreevy***, 270 A.3d 1, 18 (Pa. Super. 2022) (citation omitted).

When we undertake statutory interpretation, our object is to ascertain and then effectuate the intention of the Legislature. When possible, this Court construes every statute so as to give effect to all of its provisions. If the terms of a statute are clear and free of all ambiguity, we will not disregard the letter of the law in favor of pursuing its apparent spirit. However, when the words of a statute are not explicit, this Court must determine what it was that the General Assembly intended. We then apply the legislators' intent when interpreting the law in question.

*Id.* (citations omitted); *see also Phila. Gas Works v. Pa. PUC*, 249 A.3d 963, 970 (Pa. 2021).

The trial court found the record supported the conclusion that Appellants violated section 5104 of PUVTA (Transfer or obligation voidable as to present or future creditor), which provides certain "transfers" are voidable as to a creditor under the following circumstances:

> **(a) General rule.** A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> > **(1)** with actual intent to hinder, delay or defraud any creditor of the debtor; or
> >
> > **(2)** without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
> >
> > > **(i)** was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> > >
> > > **(ii)** intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

12 Pa.C.S.A. § 5104(a). PUVTA defines "transfer" as "[e]very mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset. The term includes payment of money, release, lease, license[,] and creation of a lien or other encumbrance." *Id.* at § 5101. Further, PUVTA defines an "asset" as

"[p]roperty of a debtor[, which] does not include . . . property to the extent it is encumbered by a valid lien[.]"[3]  ***Id.***

Section 5107 (Remedies of Creditor) describes the available remedies to a plaintiff upon a finding of a defendant's violation of PUVTA, as follows:

> **(a) Available remedies.—** In an action for relief against a transfer or obligation under this chapter, a creditor, **subject to the limitations in sections 5108** (relating to defenses, liability and protection of transferee or obligee) and 5109 (relating to extinguishment of claim for relief), may obtain:
>
> > **(1)** Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim.
> >
> > **(2)** An attachment or other provisional remedy against the asset transferred or other property of the transferee if available under applicable law.
> >
> > **(3)** Subject to applicable principles of equity and in accordance with applicable rules of civil procedure:
> >
> > > **(i)** an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;
> > >
> > > **(ii)** appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or
> > >
> > > **(iii)** any other relief the circumstances may require.

12 Pa.C.S.A. § 5107(a) (emphasis added).  The comment to this section provides, *inter alia*, that these above enumerated remedies that are available

---

[3] The statutory definition of "asset" also excludes other forms of property not at issue in this appeal.  ***See*** 12 Pa.C.S.A. § 5101.

to a plaintiff are cumulative, but that "avoidance" is the primary basic remedy available:

> (6) The remedies specified in 12 Pa.C.S.[A.] § 5107, like those enumerated in §§ 9 and 10 of the Uniform Fraudulent Conveyance Act, **are cumulative**. *Lind v. O. N. Johnson Co.*, 204 Minn. 30, 40, 282 N.W. 661, 667, 119 A.L.R. 940 (1938) (Uniform Fraudulent Conveyance Act held not to impair or limit availability of the "old practice" of obtaining judgment and execution returned unsatisfied before proceeding in equity to set aside a transfer); *Conemaugh Iron Works Co. v. Delano Coal Co., Inc.*, [] 148 A. 94, 95 ([Pa.] 1929) (Uniform Fraudulent Conveyance Act held to give an "additional optional remedy" and not to "deprive a creditor of the right, as formerly, to work out his remedy at law"); 1 G. Glenn, Fraudulent Conveyances and Preferences §§ 120, 130, 150 (Rev. ed. 1940).

> (7) If a transfer or obligation is voidable under § 4 or § 5, the basic remedy provided by this Act is its avoidance under subsection (a)(1). "Avoidance" is a term of art in this Act, for it does not mean that the transfer or obligation is simply rendered void. It has long been established that **a transfer avoided by a creditor under this Act or its predecessors is nevertheless valid as between the debtor and the transferee**. For example, in the case of a transfer of property worth $100 by Debtor to Transferee, held voidable in a suit by Creditor-1 who is owed $80 by Debtor, "avoidance" of the transfer leaves the $20 surplus with Transferee. Debtor is not entitled to recover the surplus. Nor is Debtor's Creditor-2 entitled to pursue the surplus by reason of Creditor-1's action (though Creditor-2 may be entitled to bring its own avoidance action to pursue the surplus). The foregoing principle is embedded in the language of subsection (a)(1), which prescribes "avoidance" only "to the extent necessary to satisfy the creditor's claim."

*See* 12 Pa.C.S.A. § 5107, cmt. 6, 7 (emphasis added). As indicated in section 5107 above, availability of the remedies outlined is subject to the limitations of section 5108 (Defenses, liability and protection of transferee or obligee), which provides, in part, as follows:

**(b) Judgment for certain voidable transfers.—** To the extent a transfer is avoidable in an action by a creditor under section 5107(a)(1) (relating to remedies of creditor), the following rules apply:

**(1)** Except as otherwise provided in this section, the creditor may recover judgment for the value of the asset transferred, as adjusted under subsection (c), or the amount necessary to satisfy the creditor's claim, whichever is less. The judgment may be entered against:

**(i)** the first transferee of the asset or the person for whose benefit the transfer was made; or

**(ii)** an immediate or mediate transferee of the first transferee, other than:

**(A)** a good faith transferee that took for value; or

**(B)** an immediate or mediate good faith transferee of a person described in clause (A).

**(2)** Recovery under section 5107(a)(1) or (b) of or from the asset transferred or its proceeds, by levy or otherwise, is available only against a person described in paragraph (1).

**(c) Measure of recovery.—** If the judgment under subsection (b) is based upon the value of the asset transferred, the judgment must be for an amount equal to the value of the asset at the time of the transfer, subject to adjustment as the equities may require.

\*    \*    \*

**(f) Burden of proof.—** The following rules determine the burden of proving matters referred to in this section:

**(1)** A party that seeks to invoke subsection (a), (d) or (e) has the burden of proving the applicability of that subsection.

**(2)** Except as otherwise provided in paragraphs (3) and (4), the creditor has the burden of proving each applicable element of subsection (b) or (c).

**(3)** The transferee has the burden of proving the applicability to the transferee of subsection (b)(1)(ii)(A) or (B).

**(4)** A party that seeks adjustment under subsection (c) has the burden of proving the adjustment.

**(g) Standard of proof.—** The standard of proof required to establish matters referred to in this section is preponderance of the evidence.

12 Pa.C.S.A. § 5108.

In interpreting PUVTA to give effect to all of its provisions, **see Jones**, **supra**, we conclude that section 5104 requires the plaintiff to prove the "transfer" of an "asset" to establish that any statutory relief applies. **See id.** at § 5104. Further, we observe that pursuant to section 5107 and its comment, although the remedies under PUVTA are cumulative, "avoidance" is the basic primary remedy that is available and the court must determine that it is applicable to the facts at hand **prior to** considering other remedies. **See id.** at § 5107, cmt. 6, 7. Indeed, section 5107(a)(3)(iii) only discusses "other" relief in the context of a "transfer" of an "asset." **See id.** at § 5107(a)(3)(iii). Moreover, the remedies in section 5107 are made subject to the limitations of section 5108, which provides for the measure of damages. **See id.** at § 5108(c).

As such, we hold that the language of PUVTA is clear and unambiguous that, to be eligible for relief under section 5104, a plaintiff must first establish that there was a "transfer" of an "asset" that applies. **See id.** at § 5104. Further, we conclude that the court may only afford relief pursuant to sections 5107 and 5108, which also require a showing that there is a "transfer" of an

"asset" prior to the plaintiff receiving any "other" relief.[4]  ***See id.*** at §§ 5107(a)(iii), 5108(c).  Moreover, to qualify as an "asset," the relevant property, *inter alia*, must not be encumbered by a valid lien, such as a mortgage.  ***See id.*** at § 5101.  Indeed, it is also clear from the language of section 5101 that only certain dispositions of property, namely "assets," qualify as a "transfer" under the statute.  ***See id.***

Thus, here, to determine whether entry of summary judgment under section 5104 of PUVTA was appropriate, the record must reflect a "transfer" of an "asset," or show that, *inter alia*, Father had equity in the Moredon Property at the time of its disposition to Son.  ***See*** 12 Pa.C.S.A. §§ 5101, 5104.  Upon our review, the record reflects that it is undisputed that the Moredon Property had a mortgage at the time of its disposition, however, there is no proof in the record as to:  (1) the Moredon Property's total value at the time of the disposition,[5] ***see*** 12 Pa.C.S.A. § 5108(c); (2) the value of the mortgage, which TD Bank admits exists; ***see id.*** at § 5101; ***see also*** 12 Pa.C.S.A. § 5107, cmt. 7; and, thus, also (3) the value of the equity, or

---

[4] We note that our holding is narrow insofar as we find that summary judgment was inappropriate on this record.

[5] TD Bank would draw this Court's attention to property valuations made by third parties, but those valuations are not of record and cannot be considered by this Court.  ***See*** Pa.R.A.P. 1921.  Indeed, any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record.  ***See Lundy v. Manchel***, 865 A.2d 850, 855 (Pa. Super. 2004).  In any event, there is also still no evidence in the record of the value of the undisputed mortgage.

"asset," owned by Appellants at the time of the alleged "transfer." Accordingly, on this record, we can find no basis for concluding that there is an "asset" or a "transfer." *See id.* at § 5101. Further, this deficiency in the record leaves open whether "avoidance" or any "other" remedy applies. *See id.* § 5107. We also note that, in its Rule 1925(a) opinion, the trial court did not explain the basis for the damages or other remedies it awarded to TD Bank.[6] In conclusion, in addition to TD Bank's failure to establish the applicability of section 5104, there is no record support for the court's award of judgment in the amount of $1,197,307.50 under PUVTA. *See* 12 Pa.C.S.A. §§ 5104, 5107, 5108(c). Consequently, entry of summary judgment was inappropriate where any recoverability under the statute was genuinely disputed, let alone the measure of alleged damages.[7] *See Albert*, *supra*.

Order reversed. Judgment vacated. Case remanded for further proceedings not inconsistent with this decision. Jurisdiction relinquished.

---

[6] The court found that the facts, as admitted by Appellants, met all the elements of a successful claim under PUVTA because Appellants admitted to transferring the Moredon Property for $1.00, Father was insolvent at the time of the transfer, and because "$1.00 [is] grossly inadequate consideration for a home located in this particular section of Montgomery County." Trial Court Opinion, 8/31/23, at 11.

[7] We do not comment on the merits of the parties' underlying claims on remand. Also, based on our conclusions above, we need not reach Appellants' claims regarding potentially appropriate remedies, or Appellants' fourth issue on appeal.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/26/2024